UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEI PORTNOY,<br><br>    Plaintiff,<br><br>    v.<br><br>YOLO COUNTY SUPERIOR COURT,<br><br>    Defendant. | No. 2:20-cv-02486 JAM AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff[1], proceeding pro se, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. Plaintiff's application to proceed in forma pauperis makes the necessary showing that he is unable to afford the cost of suit and will be granted. For the reasons set forth below, however, this court lacks jurisdiction to hear this case. Accordingly, it is recommended that the complaint be dismissed without leave to amend.

    I.    <u>LEGAL STANDARDS FOR SCREENING PLAINTIFF'S COMPLAINT</u>

The federal in forma pauperis (IFP) statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

---

[1] The court notes that plaintiff has been declared a vexatious litigant in this jurisdiction as stated in <u>Portnoy v. Veolia Transportation Services, Inc., et al.</u>, 2:13-cv-00043-MCE EFB (July 22, 2014). The filing bar described in that case applies to defendants not involved in this case.

1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)) (en banc).

## II.   PLAINTIFF'S ALLEGATIONS

Plaintiff sues Yolo County Superior Court for the "determination of void tentative ruling and judgment due to fraud upon the court." ECF No. 1 at 1. Plaintiff filed a case with Yolo

1  County Superior Court on June 2, 2016.  Id. at 2.  The Superior Court judge allegedly granted a

2  motion to dismiss by filing a "false tentative ruling."  Id.  On July 30, 2018, plaintiff filed a

3  motion to void the ruling, which was denied.  Id. at 9.   Plaintiff asks this court to void the ruling

4  of the Yolo Superior Court and declare several officers of that court "TRESPASSERS of the law

5  and CROOKS."  Id. at 12.

6                                         III.     SCREENING OF PLAINTIFF'S COMPLAINT

7       The court cannot hear this case because it is barred from doing so either by the doctrine of

8  Younger abstention, which prevents federal courts from interfering in most ongoing state court

9  cases (Younger v. Harris, 401 U.S. 37, 43–54 (1971)), or by the Rooker-Feldman doctrine, which

10  prohibits a federal court from overturning state court rulings.  The complaint is vague as to

11  whether plaintiff's Yolo County case is ongoing or not, but in either case, this court has no

12  jurisdiction to interfere.

13       Younger abstention applies to the following "three exceptional categories" of cases

14  identified in New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350, 367-68

15  (1989): "(1) 'parallel, pending state criminal proceedings,' (2) 'state civil proceedings that are

16  akin to criminal prosecutions,' and (3) state civil proceedings that 'implicate a State's interest in

17  enforcing the orders and judgments of its courts.'"  ReadyLink Healthcare, Inc. v. State Comp.

18  Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014) (quoting Sprint Communications, Inc. v. Jacobs, 571

19  U.S. 69, 81 (2013)).  "The Ninth Circuit also requires that "[t]he requested relief must seek to

20  enjoin—or have the practical effect of enjoining—ongoing state proceedings."  Id. (quoting

21  AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007)).

22       The undersigned believes based on the contents of the complaint that plaintiff's state court

23  case is likely closed.  However, if plaintiff's case is ongoing, the doctrine of Younger abstention

24  prevents this courts interference.  First, plaintiff is plainly asking the court to undermine a state

25  court's order, which clearly implicates the State's interest in enforcing the orders of its courts.

26  Second, the pending state action necessarily implicates the important state interest of enforcing its

27  court's rulings.  Third, no reason exists that would bar the state court from addressing plaintiff's

28  concerns.  Indeed, it appears that it already has done so on multiple occasions—albeit not to

petitioner's liking. And finally, plaintiff's requested relief, which includes a declaration that the state court's orders are void, would effectively enjoin any pending state court proceedings. Accordingly, to the extent if any that state court proceedings are ongoing or not final, this court finds that Younger abstention applies. This court is therefore divested of jurisdiction to hear any part of this action. Columbia Basin Apartment Ass'n, 268 F.3d at 799.

On the other hand, if plaintiff's state court case is closed, the Rooker-Feldman doctrine divests this court of jurisdiction. The Rooker-Feldman doctrine prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). To determine if the Rooker-Feldman doctrine bars a case, the court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the Rooker-Feldman inquiry ends." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013). If a court determines that the action is a "forbidden de facto appeal," however, the court cannot hear the de facto appeal portion of the case and, [a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897 ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163.

In seeking a remedy by which this court invalidates a state court decision and amends the state court record, plaintiff is clearly asking this court to "review the final determinations of a state court in judicial proceedings," which is at the core of Rooker-Feldman's prohibition. In re Gruntz, 202 F.3d 1074, 1079 (9th Cir. 2000). Accordingly, plaintiff's action constitutes a "forbidden de facto appeal" and the court lacks subject matter jurisdiction to hear the case. For

4

these reasons, the undersigned recommends the complaint be dismissed.

## IV. NO LEAVE TO AMEND

For the above reasons, this court finds that the allegations of plaintiff's complaint fail to establish federal subject matter jurisdiction, and that these deficiencies cannot be cured by amendment. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

IT IS FURTHER RECOMMENDED that this case be dismissed without leave to amend pursuant to the doctrine of Younger abstention and/or the Rooker-Feldman doctrine.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 21, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5